**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAMONT SHEPARD, | No. 13-15985 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00023-BAM |
| v. | |
| R. PEREZ et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted July 9, 2015
San Francisco, California

Before: GILMAN,[**] GRABER, and WATFORD, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Even if Lamont Shepard did not abandon his failure-to-intervene claim against Officer Garcia, and even if Shepard was not required to plead a separate failure-to-intervene claim in addition to his claim for excessive force, *see Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003), any error in the district court's decision to grant Officer Garcia's Rule 50(a) motion was harmless. A failure-to-intervene claim requires an underlying constitutional violation. The jury, however, found that the defendants who were directly involved did not use excessive force in violation of the Eighth Amendment during the incident in question. Shepard does not challenge that verdict. Thus, Shepard cannot prove that Officer Garcia failed to intervene in violation of the Eighth Amendment.

The fact that Officer Garcia's name was left on the verdict form even though he had been dismissed from the case does not provide a ground for reversal. Shepard cites no authority supporting the proposition that such a ministerial oversight may revive an otherwise invalid claim, and we are aware of none.

**AFFIRMED.**